United States Bankruptcy Court
Middle District of Pennsylvania

In re:     Case No. 17-05292-HWV
Arlene E. Dawson     Chapter 13
    Debtor

# CERTIFICATE OF NOTICE

District/off: 0314-1     User: AutoDocke     Page 1 of 1
Date Rcvd: Feb 23, 2021     Form ID: pdf010     Total Noticed: 1

**Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on Feb 25, 2021:**

| Recip ID | Recipient Name and Address |
|---|---|
| aty | Christine Kinderdine, 3232 Newmark Drive, Springboro, OH 45066 |

TOTAL: 1

**Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.**
Electronic transmission includes sending notices via email (Email/text and Email/PDF), and electronic data interchange (EDI).

NONE

## BYPASSED RECIPIENTS

The following addresses were not sent this bankruptcy notice due to an undeliverable address, *duplicate of an address listed above, *P duplicate of a preferred address, or ## out of date forwarding orders with USPS.

NONE

## NOTICE CERTIFICATION

I, Joseph Speetjens, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.

Meeting of Creditor Notices only (Official Form 309): Pursuant to Fed .R. Bank. P.2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed. This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.

Date: Feb 25, 2021     Signature:     /s/Joseph Speetjens

---

## CM/ECF NOTICE OF ELECTRONIC FILING

The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email) system on February 23, 2021 at the address(es) listed below:

| Name | Email Address |
|---|---|
| Brent Diefenderfer | on behalf of Debtor 1 Arlene E. Dawson bdiefenderfer@cgalaw.com tlocondro@cgalaw.com;scomegna@cgalaw.com;rminello@cgalaw.com;kbrayboy@cgalaw.com;jrosenau@cgalaw.com;r48835@notify.bestcase.com |
| Charles J DeHart, III (Trustee) | TWecf@pamd13trustee.com |
| Rebecca Ann Solarz | on behalf of Creditor PNC Bank N.A. bkgroup@kmllawgroup.com |
| United States Trustee | ustpregion03.ha.ecf@usdoj.gov |
| Valerie Michelle Johnson | on behalf of Creditor PNC BANK V.johnson@pnc.com |
| Valerie Michelle Johnson | on behalf of Creditor PNC Bank N.A. V.johnson@pnc.com |

TOTAL: 6

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

IN RE:

    Arlene E. Dawson,
    *Debtor*

v.

    PNC Bank,                            CASE NO. 1:17-bk-5292

    and

    CHARLES J. DEHART III,              CHAPTER 13
    CHAPTER 13 TRUSTEE,
    *Respondents*

## ORDER APPROVING SALE OF REAL PROPERTY MOTION TO SELL REAL ESTATE FREE AND CLEAR PURSUANT TO 11 U.S.C. §363(b) and §363(f)

The Motion of the Debtor, Arlene E. Dawson, to Approve the Sale of Real Property Pursuant to 11 U.S.C. §363(b) and §363(f) and Approve Distribution of Proceeds ("Motion") having come this day before the Court, and following Notice to creditors in the above case and an opportunity for a hearing thereon, and the Court believing that the sale of the Real Property (as defined below) is in the best interests of the Debtor and her estate, and that such sale is made in good faith, and that the consideration offered is fair and reasonable; it is **HEREBY ORDERED** that:

    1. The Debtor, Arlene E. Dawson, is authorized to sell the Real Property located at and known as 1294 Hickory Court, Dover, Pennsylvania 17315 (the "Real Property"), under the terms of and pursuant to that certain Agreement between the Debtor as Seller, and Arthur and Alexis Layton, as Buyers, (the "Agreement") free and clear of all liens, mortgages and encumbrances of Respondents and as set forth in the Motion. Such sale shall be to Buyers for the total consideration of $280,000.00 (the "Consideration").

    2. All liens will attach to the proceeds in the order of their priority subject to the distribution set forth in this Order. The secured liens against the Real Property are mortgages held by PNC Bank and real property taxes owed to the York County Tax Claim Bureau and/or the local tax collector. All secured claims will be paid in full at closing in accordance with the payoff quotes provided to Debtor. Closing must occur within 30 days of the payoff quote date or a new payoff be requested if closing does not occur within the 30 days.

    3.    The distribution of the funds generated by the sale of the Real Property shall be as follows:

        a.    Payment in full for mortgage holder PNC Bank for both of its mortgages;

        b.    Any present and past due real estate taxes owed on the Property prorated to the date of sale;

      c.      Any notarization or incidental filing or recording fees required to be paid by the Debtor as Sellers;

      d.      Any costs associated with the preparation of the Deed or normal services with respect to closing;

      e.      Attorney fees and cost reimbursements to CGA Law Firm, P.C. in the amount of $1,500.00 for services in connection with this transaction within this Chapter 13 case, plus reimbursement of court costs of $181.00.

      f.      Realty transfer tax to be paid as per the terms of the Agreement of Sale;

4. The sale is to a good faith purchaser and for fair market value within the meaning of 11 U.S.C. §363(m) and In re Abbotts Dairies of Pennsylvania, Inc., 788 F.2d 142 (3rd Cir. 1986).

5. The Debtor is empowered and ordered to execute any and all documents necessary to effectuate the sale of the Real Property.

6. Fed.R.Bankr. P Rule 6004(h) is not applicable, and the Real Property may be sold and purchased promptly.

7. Upon payment of the appropriate fee, the Clerk's Office shall provide the Debtor with certified copies of this Order, as are necessary to be recorded in the Office of the Recorder of Deeds of York County, Pennsylvania.

Dated: February 23, 2021        By the Court,

                                                    _Henry W. Van Eck_
                                                    Henry W. Van Eck, Chief Bankruptcy Judge (CD)